HANNAH M. KIRBY, Appellant, v. ESTHER NEWMAN, Respondent.

THOMAS KIRBY, Appellant, v. ESTHER NEWMAN, Respondent.

Streets and sidewalks — negligence — liability of abutting owner for unguarded opening in sidewalk in front of partly leased building — injury to person falling into cellar opening in sidewalk left open by persons doing work for tenant — owner, having no actual or constructive notice that cellar doors were left open, not liable to person falling into opening.

1. While the owner of a building who maintains an opening in the street in front of his premises unquestionably has a duty towards the public of reasonable care which he cannot transfer or delegate as long as he is in possession and control of the opening, yet he is not liable for the consequences to a stranger of the wanton or careless act of some other person not in his employ.

2. An owner or his servant who has notice that the opening in the sidewalk which he maintains is about to be uncovered, may not stand idly by and assume that the person uncovering it will exercise reasonable care in guarding it while uncovered; but when the opening is properly constructed in the first place and is kept in proper repair afterwards, the owner is not liable for the carelessness of third parties

in using the opening, as by leaving the hole unguarded when in use or uncovered when not in use, unless the owner authorized the removal of the cover to the opening or had notice thereof.

3. Defendant is the owner of a building, the first floor of which is rented for a store, the tenant having no lease of the cellar but only the right to use it in part for storage. There was some trouble with the electric lights in the store but the tenant did not complain to defendant but to the builder who had erected the building and sold it to defendant a short time before. The builder instructed an electrical contractor to repair the lights. He sent workmen who found the trouble was caused by some defect in a fuse in the cellar and to obtain light in the cellar they opened the doors leading to the street and left them open and unguarded for not over ten minutes. These workmen were not employees of the defendant and he had no notice, actual or constructive, that the doors were open. There is, therefore, no basis for holding the defendant liable for the negligence of the electricians, and plaintiff, who, while walking along the street, fell down the steps into the cellar and was injured, cannot maintain an action for damage against defendant.

*Kirby* v. *Newman* (2 cases), 208 App. Div. 814, affirmed.

(Argued January 28, 1925; decided February 25, 1925.)

APPEAL, in each of the above-entitled actions, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 14, 1924, which affirmed an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and directing a dismissal of the complaint.

*Cleland R. Neal* and *William N. MacLean* for appellants. An owner of a building who maintains an opening in the sidewalk for access to the cellar is charged with the duty of seeing that said opening is not left unguarded, and remains charged with that duty until said owner has transferred the possession of the whole building or of the whole cellar to tenants or otherwise. Consequently, the owner is liable to a passerby who, while in the exercise of due care, receives injuries by falling into said opening in the sidewalk at a time when same was left unguarded; as this liability exists by reason

of the failure of the owner to guard the opening, it is immaterial that the opening was left unguarded by a person who was not an agent or employee of the owner. (*Jennings* v. *Van Schaick*, 108 N. Y. 530; *Peil* v. *Rhinehart*, 127 N. Y. 381; *Weber* v. *Buffalo Railway Co.*, 20 App. Div. 292; *Downey* v. *Low*, 22 App. Div. 460; *Campion* v. *Rollwagen*, 43 App. Div. 117; *Hart* v. *McKenna*, 16 App. Div. 219.)

*Anthony M. Menkel, George W. Hinckley* and *W. Mills Hinkle* for respondent. Ownership alone does not impose an absolute liability for every accident caused by an unguarded opening in the sidewalk in front of the premises. (*Downey* v. *Low*, 22 App. Div. 460; *Martin* v. *Pettit*, 117 N. Y. 118; *Trustees of Canandaigua* v. *Foster*, 156 N. Y. 354.)

LEHMAN, J. The defendant is the owner of a house in the city of New York containing a store on the street level, an apartment above the store and a cellar below the store. The defendant occupied the apartment and leased the store to a tenant. The cellar was not leased to the tenant, but the tenant received the right to use it "in part" for storage. A flight of steps led from the sidewalk to the cellar. Doors were constructed which when closed covered the entrance to the steps in the sidewalk. On September 7, 1921, the doors were left open and the plaintiff Hannah M. Kirby while walking along the street fell down the steps into the cellar and sustained some injuries. She and her husband brought actions against this defendant claiming that as owner of the premises and in control of the door covering the steps to the cellar, the defendant is responsible for any damages caused by failure to keep the entrance to the cellar covered or to guard it when uncovered. The two actions were tried together, and the jury brought in verdicts in favor of the plaintiffs which the trial justice set aside.

1925.·          Opinion, per LEHMAN, J.          [239 N. Y. 470]

The complaints are based upon the defendant's negligence, and without proof of defendant's negligence there may be no recovery. We may assume that Mrs. Kirby was free from contributory negligence, we may assume that some person was negligent in leaving open doors which are intended to cover an opening of the street, and in failing to guard the opening while it was uncovered. The question still remains whether such negligence is in law negligence of the defendant.

The evidence shows that on the morning of the accident there was some trouble in the electric lights in the store leased to the tenant. The tenant apparently did not complain to the defendant from whom he had leased the store· but to the builder of the house who had sold it to the defendant only a few weeks earlier. The builder instructed an electrical contractor to repair the lights. The contractor sent two workmen to the premises. The workmen found the trouble was caused by some defect in a fuse in the cellar. Though originally they entered the cellar by descending a flight of steps in the interior, thereafter for their convenience and to obtain light in the cellar they opened the doors leading to the street and left them open for not over ten minutes. The electricians who opened the door were not the defendant's servants; they were not performing, as independent contractors, work requested by the defendant; the defendant had no notice that they were about to open the doors and the accident followed so shortly after the doors were open that the defendant had no notice, actual or constructive, that the doors were open. There is, therefore, no basis for holding the defendant liable for the negligence of the electricians unless the law places upon the owner of premises a liability for damages caused by the negligence of any person who opens and leaves unguarded an opening in the street leading to such premises.

The owner who maintains an opening in the street in front of his premises unquestionably has a duty towards

the public of reasonable care which he cannot transfer or delegate as long as he is in possession and control of the opening. (*Jennings* v. *Van Schaick,* 108 N. Y. 530; *Martin* v. *Pettit,* 117 N. Y. 118.) If, as in this case, the owner " transfers either title or possession, in part only, he does not escape the burden." (*Trustees of Canandaigua* v. *Foster,* 156 N. Y. 354, 361.) The burden, however, is not one of insurance of the safety of the opening, it is merely a duty of exercising reasonable care. " The defendant is not to be deemed liable for the consequences to a stranger of the wanton or careless act of some other person, not in his employ." (*Martin* v. *Pettit, supra,* p. 123.) Doubtless, where an owner or his servant has notice that the opening in the sidewalk which he maintains is about to be uncovered, he may not stand idly by and assume that the person uncovering it will exercise reasonable care in guarding it while uncovered. That duty rests upon the owner, and may not be transferred. (*Jennings* v. *Van Schaick, supra.*) Similarly where the owner has authorized another to uncover an opening, as in cases where a coal dealer removes the cover over a coal hole in order to deliver coal ordered by the owner, the owner becomes liable for any negligent failure to guard the opening while uncovered. (*Anderson* v. *Caulfield,* 60 App. Div. 560.) The opening in the street when uncovered is dangerous. The law places upon the owner a duty of care " measured by whatever public safety requires," and either notice that the opening is uncovered or authority given by the owner to uncover the opening creates a situation where the owner is called upon to take steps to protect the public. Failure to protect under such circumstances may create a liability, whether such failure is due to active or passive negligence on the part of the owner or his servants, or on the part of an independent contractor. On the other hand, when the opening is properly constructed in the first place and is kept in proper repair afterwards, the owner is not liable for the

carelessness of third parties in using the opening, as by leaving the hole unguarded when in use or uncovered when not in use. (*Trustees of Canandaigua* v. *Foster, supra.*)

The judgment in each case should be affirmed, with costs.

HISCOCK, Ch. J., CARDOZO, POUND, CRANE and ANDREWS, JJ., concur; MCLAUGHLIN, J., absent.

Judgments affirmed.