KATHLEEN WEST (Formerly KATHLEEN KIERNAN), Respondent, v. KINGSWAY REALTY CORPORATION, Appellant.

Second Department, December 3, 1926.

**Landlord and tenant — action against landlord for injuries suffered by plaintiff, pedestrian, when sidewalk doors in defendant's apartment house were opened by tenant — access to cellar and yard could only be had by opening cellar doors in sidewalk — defendant is liable.**

The owner of an apartment house is liable for injuries suffered by a pedestrian, which were caused by the opening of cellar doors in the sidewalk by a tenant, since it appears that access to and from the yard and cellar of the apartment house could be had only by opening the sidewalk doors. Under the circumstances, the landlord should have anticipated the intervening agency of the tenants and should have foreseen, in the exercise of reasonable care, the fact that the doors would be opened by tenants of the apartment house while the sidewalk was being used by the public.

APPEAL by the defendant, Kingsway Realty Corporation, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 8th day of June, 1926, upon the verdict of a jury for $500, and also from an order entered in said clerk's office on the 22d day of June, 1926, denying defendant's motion for a new trial made upon the minutes.

*Walter L. Glenney*, for the appellant.

*Hector McG. Curren* [*Fred Iscol* with him on the brief], for the respondent.

PER CURIAM. The property involved was rented to various tenants, with the use of the yard for the playing of children, and the use of the cellar for the benefit of the tenants. Access to and from the yard or cellar could only be had by the tenants going upon the sidewalk and opening the cellar doors, or by going into the cellar from the yard and opening the cellar doors leading to the sidewalk. The opening of the cellar door from underneath on the occasion in question was by a member of the family of one of the tenants while returning to the apartment in which he lived. It was such a situation as required the defendant reasonably to apprehend the likelihood of the cellar doors being opened while the sidewalk was being used by one of the public. In that respect the case differs materially from *Kirby* v. *Newman* (239 N. Y. 470), where the carelessness was that of mechanics in using the cellar for the benefit of a tenant, and in leaving a properly constructed cellar door open, and the cellar opening unguarded. In this case the intervening agency of the tenants should have been foreseen by

the defendant in the exercise of reasonable care, and the situation safeguarded by the defendant controlling the tenants' user of the cellar opening.

The judgment and order should be affirmed, with costs.

Present — KELLY, P. J., JAYCOX, MANNING, KAPPER and LAZANSKY, JJ.

Judgment and order unanimously affirmed, with costs.