ROSE M. COLLINS, Appellant, v. SIMON & IRVING SMITH, Doing Business as "THE DAISY BABY SHOP," Defendants, and OLE AXELSON, Respondent.— Action to recover damages for personal injuries suffered when the plaintiff fell against an open unguarded cellar door on the sidewalk. The complaint against the defendant-landlord was dismissed at the close of plaintiff's case and plaintiff obtained a verdict for $500 against the lessees. The appeal is from that part of the judgment which dismisses the complaint as against the landlord. Judgment, in so far as appealed from, reversed on the law and a new trial granted, with costs to appellant to abide the event. The plaintiff made a *prima facie* case against the landlord and it was error to dismiss the complaint against that defendant. *Kirby* v. *Newman* (239 N. Y. 470), upon which respondent relies, does not apply. There the negligence was that of mechanics who used the cellar for the benefit of a tenant and opened the doors leading to the cellar and left them open and unguarded. Here the owner permitted the use of the cellar and cellar doors by several tenants and reserved the right to enter the premises for the purpose of making repairs or alterations. The owner having retained control of the premises, it was his non-delegable duty to make the use of the sidewalk safe for traffic, or give warning of the danger. (*West* v. *Kingsway Realty Corporation*, 218 App. Div. 494; *Pensa* v. *Raleigh Hall, Inc.*, 243 id. 816; *Diamond* v. *S. C. S. Garage, Inc.*, 251 id. 825; *Gramegna* v. *Rubsam & Horrmann Brewing Co.*, 252 id. 777; *Loturco* v. *Turco*, 249 id. 787.) Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ., concur.

JAMES P. GILLEENY and Others, Respondents, v. ALEXANDER M. BING and Others, Appellants.— Order granting plaintiffs an inspection and discovery in an action for damages for fraud modified by striking out the next to the last ordering paragraph and substituting therefor a provision that the inspection and discovery shall be confined to units wherein the houses purchased by plaintiffs are located, and as so modified the order is affirmed, without costs, and without prejudice to plaintiffs making another application if the inspection and discovery hereby permitted prove abortive to show the cost of the acquisition of the land and the construction of the houses purchased by plaintiffs. In our opinion the order is too broad. The inspection may proceed on five days' notice at the place and hour stated in the order. Lazansky, P. J., Davis, Johnston, Adel and Taylor, JJ., concur.