NICK CARAMBAS, Appellant, *v.* ANTHONY WENNER and Others, Respondents.

First Department, February 3, 1939.

*Benjamin Jaffe* of counsel [*Theodore Alexander Bardy*, attorney], for the appellant.

*Alexander E. Rosenthal* of counsel [*Irving Segal*, attorney], for the respondent Wenner.

CALLAHAN, J. Plaintiff, a blind man, received personal injuries arising from falling into an unguarded cellarway adjoining the sidewalk, in premises owned by the defendant Wenner. The cellar was used by defendants Landau and Ruoff, who were tenants of a store in the building, under an oral lease which permitted them to use the cellar for storage of their merchandise. The cellar was also used at times by other tenants in the building.

The answer of the defendant owner admitted his control of those portions of the premises used in common by the tenants.

There were no guard rails around the cellar opening, but a wooden trap door was provided to cover it.

On the day of the accident this door was allowed to remain open continuously. The accident occurred some time in the afternoon. There was proof that a similar condition had existed with respect to the cellar door on prior occasions.

An employee of the tenants (Ruoff and Landau) had opened the door on the morning in question, and there was evidence that he had permitted it to remain open not only when it was actually used for his ingress and egress, but at all times during that day. This was evidence of a violation of a city ordinance (Code of Ordinances of City of New York, chap. 23, art. 14, § 164 ).

As the question of the plaintiff's contributory negligence was for the jury, it was clearly erroneous for the trial court to dismiss the complaint as to the tenants (Landau and Ruoff) at the close of plaintiff's case.

It was also error to dismiss the complaint as to the landlord, Wenner, for a *prima facie* case of negligence had been established against him. The proof was sufficient to show that a dangerous condition had been permitted to exist for such a length of time as to warrant a finding that the owner had constructive notice thereof. This distinguishes the case from the authorities relied on by the owner. (*Kirby* v. *Newman*, 239 N. Y. 470; *Tilem* v. *Alon Holding Corp.*, 276 id. 531; *Siegel* v. *Gordon*, 278 id. 416.) The cases cited are similar to the present case to the extent that in each of them the cellar door was opened by employees of tenants, or by business visitors of such tenants. However, in those cases there was no proof that the unguarded condition had existed for a sufficient length of time to convey notice thereof to the owner, and accordingly it was held that the only negligence was that of third persons.

There is an additional reason why the dismissal of the complaint against the defendant owner was improper: Though the photographs show that the opening to the cellarway was in the sidewalk, and the complaint alleges a nuisance, the answer does not plead that the defendant owner had permission of the municipal authorities to so use the sidewalk. It was incumbent upon him to allege and prove such permission. (*Clifford* v. *Dam*, 81 N. Y. 52; *Niehaus* v. *Caryfield, Inc.*, 240 App. Div. 144.)

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.