MILAN GABRIEL and NICHOLAS GABRIEL, an Infant, under Fourteen Years of Age, by MILAN GABRIEL, His Guardian ad Litem, Respondents, *v.* HALLBRETT REALTY CORP., Appellant.

First Department, April 21, 1939.

*Joseph S. McCann* of counsel [*William J. Ahearn,* attorney], for the appellant.

*Jacob D. Fuchsberg* of counsel [*Henry E. Cohen* with him on the brief; *Henry E. Cohen & Fuchsberg,* attorneys], for the respondents.

DORE, J. Defendant, owner of an apartment hotel, appeals from a judgment in favor of the infant plaintiff for $1,000 and his father for $450 entered after a trial before the court and a jury.

The jury returned a verdict in the infant's favor for $3,000 and in favor of his father for $1,000. The trial court immediately reduced the verdicts to $1,000 and $450, respectively, a reduction to which plaintiffs consented, but defendant excepted. Defendant is the sole appellant and plaintiffs contend that under the provisions

of section 584-a of the Civil Practice Act, in such state of facts the question whether or not the original verdict was excessive is deemed to be before this court for review, and ask that the verdicts be restored to the amounts found by the jury. There are prior rulings sustaining plaintiffs' construction of section 584-a (*Miller* v. *Lucey*, 223 App. Div. 567, 570 [Third Dept.]; *Costello* v. *Forest Hills Dwellings, Inc.*, 227 id. 736 [Second Dept.]; *Sturz* v. *Leo*, 248 id. 747 [Second Dept.]), but the reversal of this determination in March, 1937, of *Sturz* v. *Leo* (273 N. Y. 550) is an express ruling that in spite of the provisions of section 584-a of the Civil Practice Act, the Appellate Division has no power to increase a verdict that was reduced by stipulation of the plaintiff. Accordingly the sole issue before this court is whether the judgment in plaintiffs' favor entered on the verdict as reduced by the trial court on plaintiffs' consent may stand.

The infant plaintiff was injured when one of the two cellar doors covering the sidewalk elevator in front of appellant's hotel came down and caught his hand as he fell on the sidewalk. Plaintiffs claim that an iron bar designed to hold the doors open when the sidewalk elevator was not in use was improperly adjusted so that one side of it was not in the hole in the angle bracket designed for its support; that the bar instead of resting in the hole provided for the purpose was resting on the angle iron and when the infant plaintiff and his two boy companions brushed or leaned against the bar it moved, the support for the doors ceased, the door fell and injured the infant plaintiff.

No claim was made that the sidewalk elevator or the doors were improperly or illegally constructed or maintained or were out of repair, it being expressly stipulated by plaintiffs' counsel at the trial that the only question was whether the *use* was proper or not.

Before the accident on the afternoon of Armistice Day, November 11, 1933, the infant plaintiff, then five years of age, with his playmates Robert Mason, then ten, and Jimmy Duffy, seven, had been playing the game of " Follow the Leader," jumping over pumps and boxes and on and off stoops until they arrived near the sidewalk elevator at Eighty-fifth street and Broadway in the city of New York. The elevator was then down below the sidewalk and at the cellar level; the covers or doors at the sidewalk were open and upright with the iron bar extending between them.

Prosperity Laundry was at the time a tenant in the basement of the hotel and with the owner's permission the laundry used the sidewalk elevator for its business purposes. Defendant's answer concedes that at all times mentioned in the complaint the sidewalk elevator was used and maintained by defendant. Becker, an

employee of the laundry, testified that about two-thirty P. M. on November 11, 1933, when he drove his truck to the Eighty-fifth street side of the hotel, the doors of the elevator were closed. He went downstairs, rode up on the elevator, and placed the iron bar on the doors by pushing the bar ends into the holes provided therefor on each door. He testified that, if both ends of the bar were not placed in the holes, the doors would not stay open. He then sent the elevator down to the basement.

The infant plaintiff testified that when he arrived at Eighty-fifth street and Broadway the doors of the elevator were " straight up " and he noticed how thick the iron bar was that held the two doors apart; that he and his two playmates had played at making a hut with baskets on the sidewalk near the elevator for about ten or fifteen minutes when all three of them went over and looked down the elevator which was then at cellar level; that they leaned against the bar for about a half-minute; that he did not touch the bar with his hands and was not sure if the other boys touched it; that he did not see them do so as he was not looking at them. On cross-examination he twice testified that the bar was sticking into the holes on both sides but on redirect he testified that he saw his side of the bar in the hole.

Robert Mason, ten years old and one of plaintiff's companions, testified that while they were playing with baskets in front of the premises he saw the cellar doors open; that after playing with the baskets for about twenty minutes the three boys walked over to the elevator and as soon as they got there the doors came down, that they must have brushed against the bar; that no one of the boys lifted the bar out; that before the doors started to move he did not actually see that the bar was not fastened in; that the doors were still steady when he saw the bar start to slide on the edge.

The third boy, Jimmy Duffy, who was at the end of the bar that moved, was not called as a witness, it being stated that he had moved to Long Island. Plaintiff offered no proof of any effort to locate him.

The court submitted to the jury, as the sole issue on which they could predicate negligence against defendant, whether the employee of the laundry using the elevator with defendant's consent had failed to put the bar in the hole on one side.

Both the boys who testified admitted that when they first came in front of the premises the sidewalk doors were open. The construction of the elevator was such that the doors would fold back into place at the sidewalk level when the car descended unless the iron bar was placed in the doors to hold them upright and open. During the fifteen or twenty minutes that the boys admitted they were playing in front of the premises the bar must have been in

place holding the doors open. The infant plaintiff saw both ends of the bar in the holes. The witness Mason did not see the ends before the door started to move. Jimmy Duffy, the boy who was at the end that did move, was not called as a witness.

In that state of facts we think that the jury's verdict is contrary to the evidence as well as against the weight of the credible testimony and that plaintiffs failed to establish any negligence on the part of defendant.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., O'MALLEY and GLENNON, JJ., concur; CALLAHAN, J., concurs in result on authority of *Kirby* v. *Newman* (239 N. Y. 470) and *Tilem* v. *Alon Holding Corp.* (276 id. 531).

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs.