ALFRED J. WHITE, Respondent, *v.* EMIGRANT INDUSTRIAL SAVINGS BANK and SEVENTH AVENUE CORPORATION, Appellants.

Supreme Court, Appellate Term, First Department, June 18, 1940.

*William E. Lowther* [*Edward A. Harmon* of counsel], for the appellants.

*Charles B. Levine* [*Samuel F. Berkon* of counsel], for the respondent.

PER CURIAM. The evidence established that neither the cellar doors nor the front part of the cellar to which they led were in the possession or control of the defendants. No claim is made that the cellar doors were not properly constructed or that they were a nuisance because they were maintained without the permission of the proper authorities. Under the circumstances, it was error to hold the defendants liable for the accident to the plaintiff.

In *Kirby* v. *Newman* (239 N. Y. 470, 473, 474) Judge LEHMAN, writing for the Court of Appeals, said: " The owner who maintains an opening in the street in front of his premises unquestionably has a duty towards the public of reasonable care which he cannot transfer or delegate *as long as he is in possession and control of the opening.*" (Italics supplied.) In that case, however, the owner had not leased the cellar to the tenant but had merely given the latter the right to use it " in part " for storage, and the court

accordingly held that the owner was still in control (p. 474): " If, as in this case, the owner ' transfers either title or possession, in part only, he does not escape the burden.' "  Notwithstanding the owner's retention of control, he was held not liable because the doors had been opened only ten minutes before the accident by two electricians who were strangers to the owner and who were attempting to repair defective lights in the store leased to the tenant.

The recent case of *Carambas* v. *Wenner* (256 App. Div. 244), relied upon by the court below and the respondent, does not constitute authority for holding liable an owner not in possession or control of the cellar doors or the cellar to which they lead.  The opinion of the court, written by Judge CALLAHAN, points out that (p. 244): " The cellar was also used at times by other tenants in the building " in addition to its use by the tenants of a store in the building.  The case must, therefore, be treated as one where the owner retained possession and control of the cellar and the cellar doors.  The decision must be regarded as authority merely for the proposition that an owner in possession or control of the cellar doors and cellar is liable where, although the opening of the doors was not due to any act of the owner or its agent, the doors had been permitted to remain open for such a length of time as to warrant a finding that the owner had constructive notice.

No case has been called to the court's attention in which an owner of a building has been held liable for an accident resulting from open cellar doors, where the owner had divested himself of possession and control of the cellar doors and cellar and where the cellar doors were properly constructed and were maintained with the permission of the proper city authorities.

Judgment reversed, with costs, and judgment directed for defendants.

McCook and Noonan, JJ., concur; Miller, J., dissents.