WILLIAM J. CULLEN, Respondent, *v.* AUSTIN DEVELOPMENT Co., INC., Appellant, et al., Defendants.

Supreme Court, Appellate Term, First Department. January 11, 1946.

*William J. Schwartz* for appellant.

*Samuel Halpern* for respondent.

MEMORANDUM *Per Curiam.* The case was tried and decided on the theory of negligence. Nowhere does it appear that the accident occurred through any fault of the defendant-appellant. It was solely caused by the negligence of the tenant, which negligence is not attributable to the owner of the premises. (See *Siegel* v. *Gordon,* 278 N. Y. 416.)

The judgment so far as appealed from should be reversed, with costs, and judgment directed for appellant, with costs.

EDER, J. (dissenting). This is an appeal by the defendant Austin Development Co., Inc., from a judgment in favor of the plaintiff after a trial, without a jury, entered in the City Court, New York County.

The plaintiff sued to recover damages for personal injuries sustained in falling down a sidewalk cellarway which he claimed was open and unguarded. A photograph of this cellarway is defendant's Exhibit A.

The amended complaint pleads both nuisance and negligence.

The plaintiff sued the defendant Austin Development Co., Inc., as the owner and one in control of the premises, and the defendant Abrams, who had authority to use said cellarway. The Austin Co. set up a cross complaint against Abrams claiming he was liable over to it, if plaintiff obtained a recovery against the appellant. Plaintiff recovered against both defendants, damages in the sum of $500 being awarded to plaintiff; defendant Austin, in turn, on its cross complaint, recovered a like sum against Abrams; the latter does not appeal.

Abrams was a tenant of Austin, occupying a candy store on the premises: this is not denied, and defendant Austin further "admits that during the tenancy of Benjamin Abrams, the defendant Austin Development Co., Inc., permitted and allowed the defendant, Benjamin Abrams, to open and use for ingress and egress from the aforesaid cellar stairway, cellar entrance and the two metal doors thereon situated directly" in front of the premises. Said defendant Austin also admits that Abrams did use the cellar and cellar stairway at divers times and that Abrams, at all the times mentioned in the complaint, occupied the cellar in connection with his tenancy.

On the day in question Abrams had opened the cellar doors. As the photograph shows, they project beyond the street line; section C26-221.0 of the Administrative Code of the City of New York makes such premises subject to the provisions of group 2 of subarticle 4 of article 3 thereof. Section C26-226.0 deals with cellar steps and cellar doors; this provision has been held applicable to such cellarway (*Carambas* v. *Wenner*, 256 App. Div. 244).

In the case at bar the complaint alleges that the said cellar stairway was maintained without any municipal or governmental license, authority or permit of any kind and that the said cellar stairway constituted an encroachment upon the public sidewalk and a nuisance. While this is denied by the answer, "the answer does not plead that the defendant owner had permission of the municipal authorities to so use the sidewalk. It

was incumbent upon him to allege and prove such permission." (*Carambas* v. *Wenner, supra,* p. 245.)

This denial is therefore of no efficacy and the case must be viewed in the light of this cellar stairway constituting and being maintained by the defendant owner Austin as a nuisance, aside from the element of negligence.

The duty of Austin was to have guard rails around the cellar opening to prevent anyone from falling down the cellar stairway; this was a duty that rested on it and it could not absolve itself therefrom and from liability by permitting the defendant-tenant Abrams to use the same; and I am in accord with the views of the learned trial judge that Austin as owner in control of the premises was under an obligation to exercise reasonable care independent of and distinct from that required of others, to safeguard pedestrians and other normal use of the sidewalk in front of the building.

The accident occurred between 9:30 and 10:00 P.M.; the dim-out was in effect at the time and there were no lights in the vicinity of the cellar stairway; both doors were up, but plaintiff testified there was no bar between them. This the defendant denied and asserted the bar was crossed, as it appears in the exhibit. This presented a pure question of fact.

It seems to me that in the circumstances shown by the record, it was a risk which the appellant ran when it granted permission to Abrams to use the sidewalk cellar stairway in the belief he would at all times take proper precaution to safeguard pedestrians against falling down the stairway. It was negligence to leave it unguarded even though for a few minutes.

I recommend affirmance.

HAMMER and McLAUGHLIN, JJ., concur in memorandum *Per Curiam*; EDER, J., dissents in memorandum.

Judgment reversed, etc.