Vast Voobhis, J.
The appeal is by plaintiff from a judgment dismissing his complaint on the law, at the end of the plaintiff’s case, in the trial of an action for negligence. He was injured by falling into an opening in the sidewalk on White Plains Road, in the borough of The Bronx, made for an elevator leading to the basement. The abutting real property was owned by defendants Frank L. Weil, William E¡. Russell and Raymond J. Scully, as trustees under a declaration of trust and plan of reorganization approved by order of the Supreme Court, hereinafter described as the “ owner-trustees ”. The store in front of which this elevator was located had been leased to a corporation which sublet it to defendants Louis Zechnowitz and Arthur L. Schur, trading as World Food Markets, hereinafter described as the “ store lessees ”. The owner-trustees and store lessees, answering separately, denied all charges of wrongdoing. The answer of each set of defendants demanded that the complaint be dismissed as against them, but in event of recovery by plaintiff, asked that they be indemnified by the other set of defendants.
Plaintiff’s testimony is that on the day of the accident, November 29, 1943, he walked out of the door of World Food Market and turned to the right, upon the sidewalk, in the direction of the elevator entrance. He then met a woman wheeling a baby carriage and holding a small child by the hand, who were walking in the opposite direction. When near the elevator well, this woman blocked plaintiff’s way and, as an act of courtesy, he stepped away from her and went down into the elevator well.
There were two elevator doors to cover this opening, which met in the center, and were built to open by swinging backward on hinges to slightly more than a vertical position. The side of the elevator well toward the building was guarded by the building wall, and the outside was designed to be protected by a crossbar, the ends of which fitted into sockets on the doors when open. At the time of the accident this bar, which was bent, was not in place. One of the doors was closed lying flush with the sidewalk. The other had been left open for about ten minutes by an employee of the store lessees.
On these facts plaintiff established a prima facie case against the store lessees, defendants Zechnowitz and Schur, upon the theory of negligence. That a cause of action was proved against *386 the owner-trustees is less certain. Due to the circumstance that this opening was in the public sidewalk, the owner-trustees were subjected to a nondelegable duty to use reasonable care to see that it was kept in proper repair, and operated in a safe manner (Trustees of Vil. of Canandaigua v. Foster, 156 N. Y. 354), an obligation which was also imposed by statute (Administrative Code of City of New York, § C26-226.0). Nevertheless, if there were no defect in the elevator doors themselves, the owner-trustees would not be liable for an injury sustained by a pedestrian which was due solely to the negligent opening of the doors by a third person, unless the owner-trustees became chargeable with actual or constructive notice of the dangerous condition resulting from the act of such third party (Kirby v. Newman, 239 N. Y. 470, 473; Tilem v. Alon Holding Corp., 276 N. Y. 531; Siegel v. Gordon, 278 N. Y. 416).
We do not think that the interval of ten minutes during which the door remained open without being safeguarded by the protective bar, under the circumstances of this case, was long enough to have given the owner-trustees constructive notice of this danger, provided that failure to place the bar in position was due merely to neglect on the part of an employee of the store lessees. On the other hand, if, as the evidence suggests may have been the case, this bar was left out of place due to its being bent so as not to fit into proper position, then a question of fact would arise respecting plaintiff’s claim against the owner-trustees, provided that it had been in such defective condition long enough to have given them constructive notice, or if they had actual notice thereof (Trustees of Vil. of Canandaigua v. Foster, 156 N. Y. 354, supra; Kirby v. Newman, 239 N. Y. 470, supra). If the bar had been in position, both doors would have been open, but at the time of the accident one door was open and the other shut. They may have been that way due to failure of the bar to fit, or the bar may have been left out of place solely due to carelessness on the part of the employee of the store lessees. This record does not make clear which was the fact. We have decided to grant a new trial against both sets of defendants, at which, among the other issues to be tried, it can be developed more clearly whether this bar was defective and, if so, whether that was a cause of its not having been in place when plaintiff’s accident occurred, and whether the owner-trustees had actual or constructive notice thereof.
This is not a case where an opening in a street is made by an independent contractor, which is required by the work which the contractor is to perform for the owner, such as where a coal hole *387 is opened to put coal into the owner’s cellar at the owner’s direction (Scott v. Curtis, 195 N. Y. 424).
The judgment appealed from should be reversed and a new trial granted against all defendants, with costs to appellant to abide the event.
Dobe, J. P., Cohn, Callahan and Shientag, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.