Frank J. Kronenberg, J.
This is a petition brought pursuant to article 78 of the 'Civil Practice Act of the State of New Tork asking for an order directing the Board of Education of the City of Niagara Falls to permit the children of the Echota District of Niagara Falls to have the use of the lunchroom facilities at the Niagara Street School.
*826 Section 2503 of the Education Law sets forth the powers and duties of the board of education. Subdivisions 2 and 3 pertain to the question before the court. They are as follows :
“ 2. Shall prescribe such regulations and by-laws as may be necessary to make effectual the provisions of this chapter and for the conduct of the proceedings of said board and the transaction of its business affairs, for the general management, operation, control, maintenance and discipline of the schools, and of all other educational, social or recreational activities and other interests under its charge or direction.
“ 3. Shall have in all respects the superintendence, management and control of the educational affairs of the district, and, therefore,- shall have all the powers reasonably necessary to exercise powers granted expressly or by implication and to discharge duties imposed expressly or by implication by this chapter or other statutes.”
The law is well established that courts will not interfere with the exercise of discretion entrusted by law to public officers or bodies, unless it is clearly demonstrated that the action complained of violates a specific statute or is essentially arbitrary. (Matter of Stanton v. Board of Educ. of City of N. Y., 190 Misc. 1012; Matter of Marburg v. Cole, 286 N. Y. 202.)
In the Matter of Marburg v. Cole (supra) a proceeding was had under article 78 of the Civil Practice Act pertaining to the action of the Commissioner of Education. Justice Finch stated in said decision (p. 208) as follows: “ The statute under consideration expressly invests the Commissioner of Education and the Board of Regents with a very wide discretion, the due exercise of which the courts do not have the power to disturb. Nor do the courts have the power to substitute their judgment in place of the judgment of the properly delegated administrative officials. Thus in the absence of clear and convincing proof that the discretion of the Board of Regents has been exercised arbitrarily, unfairly or capriciously, the courts will not interfere. (Matter of Erlanger v. Regents of University of State of New York, 256 App. Div. 444; People ex rel. Harris v. Commissioners of Land Office, 149 N. Y. 26; People ex rel. Wooster v. Maher, 141 N. Y. 330, 337; Matter of Levi v. Regents, 256 App. Div. 244, affd. 281 N. Y. 627.)”
There is no question that the board had the right to set up rules and regulations regarding the use of schoolrooms during lunch periods. There does not appear to be an abuse of its discretion and consequently the court cannot substitute its judgment in the place of the judgment of the properly delegated authority. Petition is dismissed.