■ ARSENIO LEMBERT, Appellant, v. 23 FERRY ST. REALTY CORP., Respondent.— Judgment, Supreme Court, New York County, entered on June 23, 1971, affirmed, without costs and without disbursements. In affirming the trial court's dismissal of plaintiff's complaint in a personal injury action, we specifically disclaim any concurrence in the trial court's remarks which might be construed as indicating that it properly took into consideration facts bearing on the credibility of the plaintiff as a witness. Issues of credibility would be for the jury. But we do agree with the trial court's conclusion that "the plaintiff has not made out a prima facie case in negligence based on the proof ". The plaintiff not only failed to specifically claim in his bill of particulars that his fall was occasioned by tripping over a raised cellar door, but presented in support thereof only his testimony that after he fell on the snow-covered door he noticed that he "tripped on something", that when he fell, a portion of the cellar door was cleared of snow by his body, and that he " tried to see what did I collide with, and I discovered it was something protruding from the sidewalk, the thickness of which was approximately two inches sticking out" and that this was a "metal door, a cellar door". There was no independent proof of any kind of the elevation or condition of the cellar door at the time of the accident or that the condition resulted from structural design, installation or defect or from a failure to maintain and repair the same. Nor was there any proof of notice to the defendant of any claimed defective condition or how long the claimed condition existed. Accordingly, we conclude that the record lacks evidence which could satisfy any reasonable mind that the defendant was negligent; that it failed to exercise the duty of reasonable care. (See *Kirby* v. *Newman*, 239 N. Y. 470; *Trustees of Village of Canandaigua* v. *Foster*, 156 N. Y. 354; *Jorgensen* v. *Squires*, 144 N. Y. 280.) There was no claim made by plaintiff in its complaint or bill of particulars of the applicability and violation of any specifically mentioned city law or ordinance, nor any claim made on the opening or otherwise on the trial of a violation of the Administrative Code section cited in the dissenting memorandum. Nor did plaintiff make a showing of circumstances establishing the applicability of said section. Furthermore, the decision of *Lane* v. *Epstein's Edco Process Dry Cleaners Co.* (11 N Y 2d 255, 257, 258) is distinguishable in that therein there was the satisfactory proof, lacking here, of the existence of a "dangerous sidewalk defect " and a "sidewalk installation  *  *  *  so negligently maintained as to create a trap ". "The burden was on the plaintiffs to produce evidence of negligence; it could not be inferred from the fact  *  *  *  that the accident happened, nor could it be left to guess, speculation or surmise.  *  *  *  And if the evidence, such as there is, is capable of an interpretation equally con-

sistent with the presence or absence of a wrongful act, that meaning must be ascribed which accords with its absence ". The complaint was properly dismissed. (*Lahr* v. *Tirrill*, 274 N. Y. 112, 117.) Concur — Capozzoli, Steuer and Eager, JJ.; Nunez and Tilzer, JJ., dissent in the following memorandum by Tilzer, J.: I believe that a prima facie case of negligence was established by plaintiff and that it was therefore error to dismiss the complaint at the end of plaintiff's case. It is quite clear from the statements made by the court below that it passed upon issues of credibility. The following are some of the statements made by the court upon the motion to dismiss. " The vice of the proof in this case is that the issue of credibility, which plaintiff seeks to submit to a jury, must rest on the bare statement of the plaintiff, who does not speak the English language, and consequently it is impossible for the jury to be the judge of his credibility. While standing alone that would not defeat adequate proof, in this case, although it may not be the responsibility of the plaintiff, he has been unable to produce any evidence that would give the jury any assistance in evaluating the condition complained of. It is significant that this action was not commenced until more than a year after the accident took place, and while that standing alone also is not determinative of any issue as to the merits of the plaintiff's claim, it is interesting to note that photographs of the physical condition of the plaintiff were offered * * * [but that] no such documentary graphic evidence [of the dangerous condition] has been produced." The reasons advanced by the trial court for dismissal of the complaint rather than supporting dismissal are supportive of the conclusion that the case should have been permitted to reach the jury since it is evident that the only real issue presented was that concerning the credibility of the plaintiff. While I do not wish to dwell upon the trial court's statements, one comment must be advanced. The statement that since the plaintiff testified through the use of an interpreter it would consequently be impossible for the jury to be the judge of his credibility must be rejected. Any holding to the contrary, would eliminate credibility issues from the province of the jury whenever a witness does not speak the English language. Such rule is both unfair and improper as a matter of law. The witness, even when testifying through the use of an interpreter, is present for the jury to observe and the jury has the opportunity to judge the witness' demeanor. The majority of this court in affirming the dismissal of the complaint urges that the only evidence in the case as to the defective condition was supplied by the plaintiff. I do not really understand the effect of such argument for I do not know of any rule which would require corroborating evidence of a defective condition in a negligence action. In the absence of such rule, it would appear that if the plaintiff's testimony established the existence of a dangerous condition which caused his injuries, that such would be sufficient to at least withstand a motion to dismiss at the end of plaintiff's case. As stated above, it appears to me that the plaintiff did make out a prima facie case of negligence. The facts are not complicated. Plaintiff, on a snowy and windy morning, fell in front of premises owned by the defendant. As the case was presented, the question to be determined was whether plaintiff merely slipped or whether he was caused to fall (at least in part) by a metal cellar door which was constructed in front of defendant's building and which according to plaintiff's testimony protruded two inches above the sidewalk. With regard to the condition of the cellar door, it is to be noted, that the patrolman who had been called to the scene of the accident testified that " It may have been raised a little bit." Hence, there was testimony of a condition which the jury could have found to constitute a dangerous condition. (See *Lane* v. *Epstein's Edco Process Dry Cleaners Co.,* 11

N Y 2d 255.) And if in fact the cellar door was raised, such would constitute a violation of [former] section C26–230.0 of the Administrative Code which provides that covers (i.e., doors) on sidewalks shall be "flush in all parts with the sidewalk". Nor was plaintiff precluded from establishing the defective condition by failing to set forth in the bill of particulars that plaintiff's fall was caused because the metal cellar door plate was raised two inches. Such argument was made at the beginning of trial. The plaintiff's counsel upon his opening stated that the trap cellar door was raised instead of being flush with the sidewalk. The defendant moved to dismiss on the basis that the opening statement presented facts which were not specified in the bill of particulars. The trial court, after considering the allegations in the bill, denied the motion concluding that "within the framework of that, [the bill of particulars] plus the statement made on opening, of the plaintiff seeing next to this building a trap cellar door, is, in broad language of an opening, a claim; it is not incompatible either with the complaint or the bill of particulars." I think that the court properly denied that motion to dismiss and hence, that the testimony with respect to the raised condition of the cellar door was properly admissible and presented an issue of fact for determination by the jury. Although not raised by the defendant, the majority urges that there was no proof of notice to the defendant of any claimed defective condition or how long the claimed condition existed. But defendant's counsel admitted that the door in question was maintained by the defendant and used by one of its tenants. Thus the defendant was making a special use of the portion of the sidewalk where the accident occurred. An issue was thus presented as to whether the defendant was responsible for the creating of the defect as a special user. (See *Filsno* v. *City of Rochester,* 10 A D 2d 663 and cases therein cited.) Under the circumstances no notice was required. For all of the above reasons, I would reverse and order a new trial.