■ CORINNE COOPER, as Administrator of the Estate of CECILIA R. STEPNOSKI, Deceased, Appellant, v BURT'S RELIABLE, INC., Respondent. [964 NYS2d 195]—

In an action to recover damages for personal injuries, the plaintiff appeals from an amended judgment of the Supreme Court, Suffolk County (Mayer, J.), entered November 15, 2011, which, upon an order of the same court (Baisley, Jr., J.), dated January 26, 2010, denying that branch of the plaintiff's motion which was to preclude the defendant from offering evidence as to the liability of a nonparty, upon the denial of the plaintiff's motion to dismiss the defendant's affirmative defense pursuant to CPLR article 16, and upon a jury verdict on the issue of liability, is in favor of the defendant and against the plaintiff dismissing the complaint.

Ordered that the amended judgment is reversed, on the facts, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial.

The plaintiff's decedent rented the first floor of a two-family house located in Greenport. On December 21, 2006, a call was made to the defendant, an oil company, to service the furnace for the decedent's portion of the premises. That evening, at approximately 5:00 p.m., one of the defendant's oil burner mechanics arrived at the subject property to fix the furnace, which was located in the basement. One way to gain access to the basement was through a trapdoor that was situated on the side porch directly outside the side door to the decedent's first-floor apartment. When the decedent walked out the side door, she allegedly fell into the basement through the trapdoor, which was left open by the mechanic.

The decedent commenced this action against the defendant to recover damages for personal injuries. Prior to the trial, the plaintiff moved, inter alia, to preclude the defendant from arguing at trial that the decedent's landlord was liable for the hap-

pening of the accident. The Supreme Court denied that branch of the motion.

At trial, the testimony established that, on the date of the accident, the mechanic knocked on both the front and the side doors of the property, and that no one responded. The mechanic testified that, upon receiving no response, he decided to go into the basement through the unlocked trapdoor situated on the side porch. He had never been in that basement before. Using his flashlight, the mechanic found the light switch for the basement light, which was located at the top of another staircase inside the basement leading to the interior of the home. The mechanic testified that he made at least two trips to his work truck to retrieve all of the tools and supplies he needed. Each time he went in and out of the basement, the mechanic closed the trapdoor "to be safe." He admitted that he was aware of the fact that if the trapdoor were left open, someone could fall into the opening.

The mechanic testified that, when he finished his work, he brought his tools up from the basement, left them at the side porch, and then returned to the basement to turn off the lights without closing the trapdoor behind him. The mechanic had his flashlight with him. After turning off the lights, he heard something fall into the basement and shined his flashlight in that direction. He saw the decedent on the ground beneath the open trapdoor.

On February 8, 2010, the jury returned a verdict finding the defendant not at fault in the happening of the accident. The decedent subsequently died of causes unrelated to the accident. The plaintiff, as administrator of the decedent's estate, was substituted into the action in place of the decedent. Subsequently, in an amended judgment entered November 15, 2011, the Supreme Court dismissed the complaint.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744 [1995]; Cohen v Hallmark Cards, 45 NY2d 493 [1978]; Nicastro v Park, 113 AD2d 129 [1985]). In exercising our authority to review the weight of the evidence (see Hayes v Estee Lauder Cos., Inc., 34 AD3d 735, 736 [2006]), we find that the jury's verdict was contrary to the weight of the evidence. "Negligence involves the failure to exercise the degree of care that a reasonably prudent person would exercise in the same circumstances" (Bello v Transit Auth. of N.Y. City, 12 AD3d 58, 60 [2004]; see PJI 2:10; Restatement [Second] of Torts § 299). Applying this standard, we

conclude that the jury's determination that the defendant was not negligent was not based on a fair interpretation of the evidence, since a reasonable person should have been aware that leaving the trapdoor open created an unsafe condition (*see Nicastro v Park*, 113 AD2d at 134). Accordingly, we reverse the amended judgment, reinstate the complaint, and remit the matter to the Supreme Court, Suffolk County, for a new trial.

However, the Supreme Court did not err in denying that branch of the plaintiff's motion which was to preclude the defendant from offering evidence as to the liability of a nonparty, the out-of-possession landlord, for the purpose of limiting the defendant's liability for noneconomic damages pursuant to CPLR article 16. Contrary to the plaintiff's contention, a defendant is not required to plead that defense as an affirmative defense (*see* CPLR 1601 [1]; *Marsala v Weinraub*, 208 AD2d 689, 690 [1994]).

Further, the Supreme Court properly denied the plaintiff's motion to dismiss the defendant's affirmative defense pursuant to CPLR article 16, as the defendant presented evidence demonstrating that a question of fact existed as to the negligence of the nonparty landlord (*see* CPLR 1603; *see also Basso v Miller*, 40 NY2d 233, 241 [1976]; *Miccoli v Kotz*, 278 AD2d 460 [2000]; *Collins v Smith*, 254 App Div 774, 774 [1938]; *West v Kingsway Realty Corp.*, 218 App Div 494, 494-495 [1926]). Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.