LILLIAN M. ROWELL, Respondent, *v.* JOHN HUTZLER LUMBER COMPANY, INC., and Another, Appellants, Impleaded with LEROY SIEBERT and Another, Defendants.

FRANK S. ROWELL, Respondent, *v.* JOHN HUTZLER LUMBER COMPANY, INC., and Another, Appellants, Impleaded with LEROY SIEBERT and Another, Defendants.

Fourth Department, January 10, 1930.

*Frank Gibbons*, for the appellants.

*Carlton E. Ladd*, for the respondents.

SEARS, P. J. The plaintiff Lillian M. Rowell was injured in falling down a stairway. The verdicts recovered by the plaintiffs are for damages resulting from such injuries. The accident happened in a building in the town of Cheektowaga which was adapted for use as a roadhouse and dancehall. The defendant Feigel, who was in possession of the premises as a tenant, had invited the plaintiffs to come and inspect the premises as prospective purchasers. Accepting this invitation, the plaintiffs, together with some friends, met Feigel at the premises. The improvements consisted of a cottage residence, a large dancehall and a room in front of the dancehall called, in the record, a barroom. All entered the dancehall and then went into the residence, and while the men were discussing business, Feigel spoke to the plaintiff Lillian M. Rowell saying: " Mrs. Rowell, you just help yourself and look the place all over." The plaintiff Lillian M. Rowell, following this suggestion, left the others and went alone into the dancehall and through a doorway from the dancehall into the barroom. As she passed through this doorway she saw a door to her right which was " just ajar." This door which was ajar was behind the bar. On the door was a sign on which was the word " Private." Mrs. Rowell saw this word on this sign. Going then behind the bar to this door, she put her hand on the door and pushed it away from her and immediately fell down a flight

of stairs leading to the cellar. The upper step of the stairs was immediately contiguous to the door. The door swung in over the stairs, and as the door was ajar, Mrs. Rowell evidently noticed this for she put her hand on the door to push the door away from her. She testified that she thought she was entering an office. She did not slip or stumble through the doorway, but stepped through, and immediately fell. The barroom was not dark, but she testified that the stairway was very dark. She did not observe the darkness when she pushed the door open because she fell immediately. She apparently stepped through the doorway completely heedless of the situation beyond. An architect, sworn in behalf of the plaintiffs, testified that such a combination of doorway and stairway, that is, a door swinging over stairs which begin immediately beyond the door, is not uncommon but is very dangerous. Recovery has been had upon the ground that this situation was a nuisance.

We do not feel called upon to decide the question as to whether this construction was a nuisance or whether there was negligence involved on the part of the defendants. We are convinced that the plaintiff Lillian M. Rowell has failed to show that she was free from contributory negligence. (*McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340.) She was not precipitated down the stairs by anything giving way; she intentionally pushed the door open, knowing that it swung away from her; she then voluntarily stepped into an unknown space in a strange building without taking any precaution for her safety.

In *Rohrbacher* v. *Gillig* (203 N. Y. 413) and *Hudson* v. *Church of Holy Trinity* (250 id. 513) plaintiffs opened doors and stepped in darkness into a stairway concealed by the darkness, falling and receiving injuries. In each of these cases the plaintiff was held guilty of contributory negligence. We think the principle of these cases is controlling here.

There is another reason why these judgments must be reversed, and for its understanding we must state additional facts. The building where the accident occurred was built about seven years previously. The then owner executed to the defendant East Side Building Company, Inc., a second mortgage on the premises which that company assigned to the defendant John Hutzler Lumber Company, Inc. With this mortgage still outstanding, the premises were sold to a man named Wieberg, who rented the premises to defendant Feigel. While Wieberg still owned the premises, the John Hutzler Lumber Company, Inc., mortgage was foreclosed, and the premises bought in by the John Hutzler Lumber Company, Inc., and a referee's deed to that corporation executed and delivered.

The East Side Building Company, Inc., had an arrangement with the John Hutzler Lumber Company, Inc., to be responsible for all mortgages which it had assigned to the John Hutzler Lumber Company, Inc. Under this arrangement, it was the understanding between the East Side Building Company, Inc., and the John Hutzler Lumber Company, Inc., that the John Hutzler Lumber Company, Inc., would take over this property, or cause it to be taken over, and restore the mortgage; but this had not yet been done. However, pending such adjustment, the John Hutzler Lumber Company, Inc., from the time of the foreclosure sale, treated the East Side Building Company, Inc., as tenant or vendee in possession. Feigel continued to occupy the premises as a tenant under the East Side Building Company, Inc., and paid rent to the East Side Building Company, Inc., which, in turn, paid to the John Hutzler Lumber Company, Inc., a sum equivalent to the interest on the old mortgage. The John Hutzler Lumber Company, Inc., the East Side Building Company, Inc., and Feigel, as well as one Seibert, an officer of the East Side Building Company, Inc., were parties defendant. The jury found verdicts in favor of Feigel and Seibert, and in favor of the plaintiffs and against the John Hutzler Lumber Company, Inc., and the East Side Building Company, Inc. Feigel was thus in actual possession of the premises, and had been in possession for several years. If any defendant was maintaining a nuisance, or was negligent, it was Feigel, and yet the jury found in his favor. Such finding determines either that there was no nuisance or negligence, or that the plaintiff Lillian M. Rowell was not free from contributory negligence. Such a determination logically results in exonerating the East Side Building Company, Inc., and the John Hutzler Lumber Company, Inc., from responsibility. The verdict, therefore, is inconsistent and must be set aside on that account. (*Wilks* v. *New York Telephone Co.*, 208 App. Div. 542.)

For these reasons, the judgments should be reversed on the law and the facts, and the complaints dismissed, with costs.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

In each case: Judgment and order reversed on the law and facts, with costs, and complaint dismissed, with costs.