MORRIS SIEGEL, Respondent, *v.* WALTER R. GORDON, as Trustee under the Will of MARY A. GORDON, Deceased, Defendant, and CITY BANK FARMERS TRUST COMPANY, as Trustee under the Will of MARY A. GORDON, Deceased, Appellant.

Argued May 26, 1938; decided July 7, 1938.

*H. H. Brown, J. O. Denniston* and *E. C. Sherwood* for appellant. Any negligence herein was that of an employee of the cafeteria corporation and for the consequences of such negligence there is no legal theory on which the defendants may be held liable. (*Tilem* v. *Alon Holding Corp.*, 276 N. Y. 531; *Kirby* v. *Newman*, 239 N. Y. 470; *Trustees of Canandaiqua* v. *Foster*, 156 N. Y. 354; *Bardel* v. *Standard Oil Co.*, 218 App. Div. 145.)

*J. Irwin Shapiro* for respondent. The defendant owner is liable in nuisance. (*Congreve* v. *Smith*, 18 N. Y. 79; *Congreve* v. *Morgan*, 18 N. Y. 84; *Creed* v. *Hartmann*, 29 N. Y. 591; *Irvine* v. *Wood*, 51 N. Y. 224; *McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340.) The defend-

ant owner is liable in negligence. (*West* v. *Kingsway Realty Corp.*, 218 App. Div. 494; *Pensa* v. *Raleigh Hall*, 243 App. Div. 816; *Appel* v. *Muller*, 262 N. Y. 278; *Rohlfs* v. *Weil*, 271 N. Y. 444; *Gildea* v. *Harris Fine R. & C. Co.*, 249 App. Div. 775; *Rosenholz* v. *Shattuck Co.*, 112 Misc. Rep. 468.)

*Per Curiam.* The appellant was not guilty of any negligence in the maintenance of the cellar doors. The accident occurred solely through the negligence of a third party. (*Kirby* v. *Newman*, 239 N. Y. 470.)

The judgments should be reversed and the complaint dismissed, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.