CATHERINE CLANCY, Respondent, Appellant, *v.* SANFORD J. THORN, Defendant, Impleaded with DRY DOCK SAVINGS INSTITUTION, Respondent, and HARRY RUBIN, Appellant, Respondent.

First Department, March 24, 1939.

*Everett W. Bovard* of counsel [*William E. Lowther,* attorney], for the appellant, respondent, Harry Rubin.

*Sidney J. Feltenstein* of counsel [*Francis J. McCaffrey,* attorney], for the respondent, appellant, Catherine Clancy.

*Walter L. Glenney* of counsel [*Chauncey L. Grant,* attorney], for the respondent Dry Dock Savings Institution.

GLENNON, J. This is a personal injury action. The case was tried before a court and jury and resulted in a verdict in favor of plaintiff against the defendant Rubin. At the close of the whole case the complaint was dismissed as to the defendant Dry Dock Savings Institution, which was the owner of the building at 1243 Third avenue, borough of Manhattan, city of New York.

The defendant Rubin was the lessee of the store and the front part of the cellar of the building. He occupied the store for the sale of liquor and sublet his part of the cellar to one Jordan Christie. The latter used it as a storeroom where he kept scaffolding, heavy beams, brackets and shovels which were used in connection with his building business.

The entrance to Christie's storeroom was by steps leading down from the sidewalk. These steps were covered by iron doors or hatches which fitted in and were part of the sidewalk. To quote counsel for the plaintiff in answer to the court's question as to the condition of the doors, he said, " Yes, they are perfect, just as the sidewalk." Further it was conceded by the plaintiff through her counsel that there was no question about the defendants' right to have the cellar doors at the point where they were located. He said, " It is not a question of the right to have them there."

The plaintiff about midday on February 21, 1935, was walking in a northerly direction on the east side of Third avenue. When she was in front of the premises in question and while in the act of stepping on the southerly cellar door, it was raised upward and as a result she was thrown to the ground and rather severely injured. She did not know that she was about to step on the door since she was looking ahead. She asserted in substance that she heard no warning of any kind.

One Joseph Lanigan, called as a witness by the plaintiff, testified that it was he who raised the cellar door as a result of which the plaintiff was injured. It seems that he had been formerly employed by Christie who, incidentally, was not named as a party defendant. On the day of the accident, Lanigan entered the basement for the purpose of going to the washroom. He met Christie's two brothers and informed them of his intention. They were about to leave but gave Lanigan their permission. He went to the wash-

room which was located in the rear of the building. Upon his return he locked the rear door of the storeroom and proceeded to go out. He closed the front door and, according to him, he took a block of wood and hit the cellar door which was immediately overhead, for the purpose of giving warning to pedestrians. " I hit the southerly part of the cover and then I started immediately to lift the cover slowly and I got it up ten inches, your Honor, and then someone stepped on it and hit me on the head and knocked me on the head and knocked me down, back down the stairs." Later, when he came up, he first saw the plaintiff who had been taken into Rubin's store.

While the accident is an unfortunate one from the viewpoint of the plaintiff who was injured, we do not believe that there is any liability either on the part of the defendant Dry Dock Savings Institution, as owner, or the defendant Rubin, as lessee. Lanigan was not employed by either of these defendants. It was he who caused plaintiff to fall. Under the circumstances the case of *Kirby* v. *Newman* (239 N. Y. 470) is controlling. There, said Judge LEHMAN: " On the other hand, when the opening is properly constructed in the first place and is kept in proper repair afterwards, the owner is not liable for the carelessness of third parties in using the opening, as by leaving the hole unguarded when in use or uncovered when not in use." (See, also, *Siegel* v. *Gordon*, 278 N. Y. 416, where, in a *per curiam* opinion, the court said: " The appellant was not guilty of any negligence in the maintenance of the cellar doors. The accident occurred solely through the negligence of a third party.")

For the reasons assigned the judgment should be reversed as to defendant Harry Rubin, with costs to said defendant against the plaintiff, and the complaint dismissed as to said defendant, with costs, and the judgment, in so far as it dismisses the complaint against defendant Dry Dock Savings Institution, should be affirmed, with costs to said defendant against the plaintiff.

MARTIN, P. J., TOWNLEY, UNTERMYER and DORE, JJ., concur.

Judgment unanimously reversed as to defendant Harry Rubin, with costs to said defendant against the plaintiff, and the complaint dismissed as to said defendant, with costs. Judgment in so far as it dismisses the complaint against defendant Dry Dock Savings Institution unanimously affirmed, with costs to said defendant against the plaintiff.