## LEIMBACH *v.* BICKFORD'S, INC. ET AL.

[No. 31, September Term, 1957.]

436

*Decided November 2, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*John Carroll Weiss, Jr.,* and *Lester H. Crowther,* with whom was *Harry Leeward Katz* on the brief, for the appellant.

*Grafton D. Rogers,* with whom was *William C. Holland* on the brief, for Bickford's, Inc., appellee.

No brief and no appearance for Baltimore-New York Express, Inc., appellee.

HENDERSON, J., delivered the opinion of the Court.

The declaration in this case set up a claim for personal injuries by a pedestrian against a restaurant owner, Bickford, occupying premises at 4 West Fayette Street in Baltimore City, and a deliveryman, the Express Company, engaged in delivering restaurant supplies through cellar doors opening in the sidewalk. It alleged that the injury was caused by negligence on the part of an employee of the Express Company, named Stewart, in opening the doors without warning, and by the joint negligence of Bickford in failing to provide proper safeguards for the protection of pedestrians, without negligence on the part of the plaintiff. After a demurrer filed by Bickford had been overruled, the case came on for trial before a jury, and at the end of the plaintiff's case, the court granted a motion for a directed verdict as to Bickford, but refused a similar motion as to the Express Company, which then rested its case. The court made an elaborate charge to the jury, to which counsel for the plaintiff stated he had no objections. The jury found a verdict for this defendant. On this appeal the plaintiff (appellant) challenges the correctness of the court's ruling as to Bickford, and also contends that there was prejudicial error in submitting the case "piecemeal" as against the Express Company.

The testimony produced by the plaintiff was to the effect that the cellar entrance was on the public sidewalk outside the premises occupied by Bickford, giving access to the basement of the building. The entrance was adjacent to the building line, and closed by two iron doors which were flush with the sidewalk and each eighteen inches wide from edge to hinge, measuring four feet in the direction of the curb. When open, the doors stood up from the sidewalk on each side, being hinged that way, and locked so as to form a barrier. To open, it was necessary to grasp a ring countersunk in the door on the right, when facing the building. Stewart, called by the plaintiff, testified he drove up in his loaded truck and went into the restaurant to present the invoice. He was told to wait until he received a signal from below that the lift, or dumb-waiter, had been hoisted to street level, and that he did so. When hoisted, this dumb-waiter

was against the iron doors and flush with the street. Stewart testified that while waiting for the signal he unloaded from his truck and piled on the sidewalk, between the cellar doors and the curb, a number of cartons containing canned goods, which formed a barrier at that side. When he received the signal, he looked both ways, up and down the sidewalk, and leaned over to raise the right-hand door. When he had raised the door three or four inches, the plaintiff fell over him, coming from his left, causing him to let go the door, which fell back into place. The time was about 12:30 P. M. on a clear day.

The plaintiff, a lady sixty-eight years of age, testified that the sidewalk was crowded, and when she had stepped on the nearest or left-hand door, she suddenly saw the other door rising, and fell over it when it had been raised a few inches, causing the injuries complained of. She did not see any cartons on the sidewalk. She did not see the truck driver, until after she had stepped on the first door. She did not fall into the opening, but struck her leg on the edge of the second door. The only other testimony was as to the character and extent of her injuries, chiefly medical. The plaintiff also put in evidence an ordinance of Baltimore City, Baltimore City Code (1950), Art. 5, Sec. 7885, which, under the heading "Building Regulations", defined as a Building Code and applicable to the construction, maintenance and operation of buildings, provides: "Cellar Doors and Coal Hole Covers and frames * * * shall be placed flush with the sidewalk surface, with no hinge or handle projecting above the surface. * * * Substantial means shall be provided to prevent persons falling into cellar ways or coal holes while the doors or covers are open."

We note at the outset that the jury found in favor of the Express Company, under instructions of the court to which no objection was taken. If the jury had been directed to answer special issues, and they had found the plaintiff negligent, that would have been the end of the case, for such a finding would have exonerated both defendants, regardless of their negligence and on any theory. But even in the absence of special issues, the verdict exonerating the Express

Company could only have been based either on a finding of negligence on the part of the plaintiff, or on a finding that the Express Company was free from negligence. The fact that she was seriously injured was not disputed. Stewart was not a party to the suit, but since it was conceded that Stewart was the servant of the Express Company, and no independent ground of liability was asserted as to it, a verdict in favor of it was in legal effect a finding that Stewart was free from negligence, taking the verdict in the light most favorable to the plaintiff. It necessarily follows that any liability on the part of Bickford, predicated upon the negligence of Stewart, is negatived by the verdict. Even if there was error in directing a verdict in favor of Bickford, the error was cured by the verdict, insofar as its liability could be predicated on the negligence of Stewart. *Barone v. Winebrenner,* 189 Md. 142, 146; *Restatements, Torts,* § 883 b.

This analysis disposes of some of the appellant's contentions. It is argued that Bickford actually directed Stewart as to how the doors should be opened, and that this made Stewart its servant. It is also argued that Bickford's duty to maintain safe premises could not be delegated, so as to relieve it from the consequences of his negligence, and that Stewart's negligent act was the act of Bickford, even if his master, the Express Company, was an independent contractor. Many cases so holding are to be found in Notes, 11 A. L. R. 571, and 53 A. L. R. 932. They are not in point here for the obvious reason that if Stewart were not negligent, Bickford cannot be, at least on any derivative theory, either of *respondeat superior* or imputable negligence. Even if it could be said that the occupier had a duty to supervise the work of an independent contractor (*Restatement, Torts,* § 344 b), if the latter were not at fault the occupier could not be said to have failed in such duty.

The appellant contends, however, that it was Bickford's duty to maintain its premises in such a way and to provide such safeguards as to prevent any injury to pedestrians. The duty is too broadly stated. We have held that a tenant is not liable for an injury caused by a defective condition in the sidewalk unless his construction of it was faulty. *Leonard*

*v. Lee,* 191 Md. 426, 431. It has also been held that an occupier is not liable for an injury caused by an obstruction placed there by a stranger. *Jenkins v. Great Atlantic and Pacific Tea Company,* 128 F. Supp. 169. An owner or occupier of premises is not an insurer, although there is a duty to provide reasonable precautions against foreseeable dangers. Here again, if the warnings and precautions taken by Stewart were adequate, and he was not negligent in using the facility as he did, it is difficult to see how Bickford could be held liable for failure to provide other warnings and precautions in addition to those found to be adequate.

The appellant strongly relies upon the case of *Savings Bank v. Covington,* 174 Md. 633, 638. In that case a pedestrian caught her foot in the handle of a cellar door not unlike that in the instant case. It was inferable that the handle had been left in that position by a "meddler", and the Court said: "If the device was so constructed or left in such condition that it may be disturbed by the mischievous or malicious, then the negligence is imputable to the owner." Here again, before negligence can be imputed it must be found to exist. Moreover, the Court stressed the fact that the construction or maintenance was defective, in that it permitted foreseeable tampering so as to cause an obstruction in the nature of a nuisance. Cf. *Dashine v. Peres,* 163 A. 231 (N. J.), and cases noted in 31 A. L. R. 2d 1334. The argument based on the theory of a nuisance has no proper application to the facts in the instant case, even if that theory be sound, as importing an absolute liability rather than a liability based on foreseeable negligence. The cellar doors could hardly be considered a nuisance *per se.* There was no suggestion that the injury was due to any inherent defect in the doors or their construction. They seem to have been of the usual type, and there is no suggestion that they did not fully comply with the Building Code. They could not be described as unsafe or potentially dangerous, unless they were used in a negligent manner. Cf. *Sherwood Brothers, Inc. v. Eckard,* 204 Md. 485, 493.

The ordinance in the instant case does not help the appellant. The injury was not caused by falling into the open-

ing when the doors were open, and the construction of the doors was such that, when open, they would provide a barrier that might well be described as a substantial means to prevent persons from falling into the opening. The Baltimore City ordinance is quite unlike the ordinance in *Cole v. City of Durham,* 97 S. E. 33, 34 (N. C.), relied on by the appellant. There, the ordinance required every owner or occupier to keep cellar doors in the sidewalk "closed at all times, or a guard stationed there to warn the public." Not only was there a failure to station a guard as the ordinance required, but there was a finding of joint or concurrent acts of negligence, of an employee of the deliveryman and an employee of the store, in failing to give adequate warnings while participating in the opening of the doors.

The appellant contends, however, that Bickford's failure to guard the opening was an independent act of negligence, for which it could be held liable, even though Stewart was not negligent in the manner in which he opened the doors. We have found no case directly in point. In *Lois v. Great Atlantic & Pacific Tea Co.,* 146 F. 2d 781 (C. C. A. 2d), a verdict against the occupier was sustained, although the independent contractor, a repairman, was exonerated. But in that case there was evidence that the sidewalk doors had been opened by the occupier and that the repairman simply left them in the same position when he went home. Recovery against the occupier was predicated upon an independent act of negligence in failing to see that the doors were closed when he subsequently left the premises. In *Oneker v. Liggett Drug Co.,* 197 A. 887 (Conn.), liability was clearly based on a finding that the negligent actor was the servant of both the deliveryman and occupier. Similarly, in *Magay v. Claflin-Sumner Coal Co.,* 153 N. E. 534 (Mass.), the deliveryman and the occupier were both held liable for the negligent act of the servants of the deliveryman. To the same effect, see *Murphy v. Herold Co.,* 119 N. W. 294 (Wis.). Other cases are collected in a Note, 70 A. L. R. 1358, 1375. It is the general rule that an owner is not liable for the negligence of a competent, independent contractor. *Smith v. Hercules Company,* 204 Md. 379, 386. While there is a recognized

exception where an occupier employs an independent contractor to deliver goods through a sidewalk opening, and is thus using the public highway for his private benefit, the liability is still vicarious, at least in the absence of an ordinance imposing an affirmative obligation to guard the opening. The vicarious nature of the liability seems to be implicit in the holding of the Ohio court that the occupier is entitled to indemnity from a negligent deliveryman, over whom he exercises no direct control. *Globe Indemnity Co. v. Schmitt,* 53 N. E. 2d 790 (Ohio). Where the deliveryman is not negligent there is no basis for a vicarious liability.

We find no merit in the contention that the granting of Bickford's motion for a directed verdict was prejudicial error. In granting the prayer, the court admonished the jury "that the mere granting of the prayer exonerating Bickford's, Incorporated, is to have no influence whatever in your decision as to the negligence of the Baltimore-New York Express, Incorporated. That is a matter for your deliberation." No objections were taken to the charge, which directed the jury to find for the plaintiff if they should find that Stewart, the employee of the Express Company making the delivery, "failed to exercise due care and caution in opening the door * * * without regard to the safety of persons using the sidewalk, but instead lifted the door at a time when the plaintiff was too close to the door in time to have, by the exercise of due care and caution upon her part, avoided the door as it was being raised * * * ."

We think the issue was fairly presented, and the fact that the co-defendant was exonerated by the court from a charge of negligence, in failing to provide other or additional safeguards, would not justify a reversal as to either, or both defendants, as urged. The appellant's argument that the court's action in letting Bickford out must have influenced the jury to exonerate the other defendant, if it has any merit, is a risk inherent in the practice which permits rulings on the sufficiency of the evidence before verdict, rather than on motion for judgment *n. o. v.*

*Judgments affirmed, with costs.*