**William Woodrow LAIRD and Cecil Reese, Appellants,**

v.

**UNITED STATES of America,
Appellee.**

**No. 7533.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 10, 1958.

Decided Jan. 14, 1958.

---

John H. Williams, Aiken, S. C. (Williams & Busbee, Aiken, S. C., on brief), for appellants.

George E. Lewis, Asst. U. S. Atty., Conway, S. C. (N. Welch Morrisette, Jr., U. S. Atty., Columbia, S. C., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

PER CURIAM.

 This is an appeal in a criminal case wherein appellants were convicted of illicit distilling in violation of the internal revenue laws. The appellants were indicted with one Dicks, who pleaded guilty and testified against them. There was ample evidence that a still was being operated by appellant Reese in a vacant tenant house belonging to Dicks and that appellant Laird was assisting in the operation. In addition to questioning the sufficiency of the evidence to sustain the conviction, the principal contentions of appellants are that Dicks and a government officer were allowed to remain in the court room when a separation of witnesses was ordered; that Reese had been "entrapped" into entering into a conversation with Dicks, in which he admitted his connection with the still, when a government officer by arrangement with Dicks was hidden in the trunk of the automobile in which the conversation occurred for the purpose of listening to it; and that appellant Reese was unduly questioned by the presiding judge. These contentions are entirely without merit. The verdict was amply supported by the evidence. Who should be allowed to remain in the court room when a separation of witnesses was ordered was a matter resting in the sound discretion of the trial judge. There was no evidence or even contention that Reese was "entrapped" into the commission of a crime, but merely into a conversation in which he admitted connection with a crime that had already been committed. While the questioning of Reese by the judge was searching and extended and might present a serious question if the case were a close one, we do not think that, under the circumstances here, it could have affected the result or calls for the granting of a new trial.

Affirmed.