**STATE OF MARYLAND, for the Use of Gloria S. GEILS, surviving widow, and Roswell W. Geils, 3rd, Leslie Ann Geils, Mary E. Geils, Susan M. Geils, Andrew S. Geils and Sarah Geils, surviving infant children of Roswell W. Geils, Jr., deceased, and Gloria S. Geils, Administratrix of the Estate of Roswell W. Geils, Jr., deceased,**

v.

**BALTIMORE TRANSIT COMPANY, a body corporate.**

**Civ. A. No. 13429.**

United States District Court
D. Maryland.
Sept. 29, 1965.

 

See also D.C., 37 F.R.D. 34.

Paul Berman, Baltimore, Md., for plaintiffs.

Patrick A. O'Doherty, George P. Bowie, Baltimore, Md., for defendant.

WINTER, District Judge:

Plaintiffs' appeal to the United States Court of Appeals for the Fourth Circuit 329 F.2d 738, was dismissed on July 1, 1965. It is, therefore, appropriate that the stay entered April 21, 1965 be dissolved and the motions submitted to the Court at the trial, on which ruling was reserved, be decided. The motions to be decided consist of a motion by defendant Baltimore Transit Company for a judgment in its favor, and a motion by plaintiffs to strike out an order granting judgment for defendant Gerald M. Harrison or, in the alternative, for a modification of judgment to strike the phrase "with prejudice" so as to permit plaintiffs to proceed solely against defendant Baltimore Transit Company.

As stated in the Memorandum and Order filed April 21, 1965, the motions arise in the following context: At a retrial of the above case a motion to sequester witnesses was made and granted. Apparently in an attempt to require a sequestration of defendant Harrison, plaintiffs moved to dismiss as to him.[1] Defendant Baltimore Transit Company opposed the motion. The motion was not immediately granted, and it was pressed from time to time during the course of the trial. Finally, on March 18, 1965, when the motion was again pressed, defendant Baltimore Transit Company withdrew its objection. The Court stated that it would " * * * render a judgment for the Defendant Harrison with

---

1. Even if dismissal had been granted at this time, plaintiffs may not have achieved this objective. In this circuit when a sequestration motion is granted, the district judge has some discretion as to whom to exclude. Laird v. United States, 252 F.2d 121 (4 Cir. 1958); Schoppel v. United States, 270 F.2d 413 (4 Cir. 1959). By the cases cited, it is a proper exercise of discretion to permit a government investigator to remain, even though he will be called as a witness. The operator of a bus, whose negligence is sought to be imputed to his employer and who is the only person on behalf of his employer having first hand knowledge of the accident, may stand on as good a footing, even though he is not a codefendant.

prejudice with costs." Counsel for plaintiffs immediately replied, "That follows Your Honor. We accept that." The formal order signed and entered the same day ordered and adjudged "* * * that the action be dismissed with prejudice on the merits as to the defendant, Gerald M. Harrison, and that the defendant, Gerald M. Harrison recover of the plaintiffs his costs of action." The motion of defendant Baltimore Transit Company followed the next morning.

▪ If the dismissal of the action against defendant Harrison constitutes an adjudication on the merits, it follows that defendant Baltimore Transit Company is entitled to the entry of judgment in its favor, because it was sued solely on the theory of *respondeat superior* for alleged negligence in the operation of a bus driven by defendant Harrison. Leim-

bach v. Bickford's, Inc., 214 Md. 434, 135 A.2d 633 (1957); Ager v. Baltimore Transit Co., 213 Md. 414, 132 A.2d 469 (1957); Barone v. Winebrenner, 189 Md. 142, 55 A.2d 505 (1947); Restatement, Judgments § 99 (1942).

The dismissal, however, was under Rule 41, Federal Rules of Civil Procedure, and it is to Rule 41 that the Court must look to determine the legal effect of what transpired. Specifically, the dismissal was a voluntary dismissal under Rule 41(a) (2); but, since some of the cases which will be referred to arose under the provisions of Rule 41(b) relating to involuntary dismissals, the text of Rule 41 relating to both voluntary and involuntary dismissals is quoted in the margin.[2]

It has been held that an involuntary dismissal under Rule 41(b) constitutes an adjudication between the parties and

2.                     Rule 41.
              DISMISSAL OF ACTIONS
    (a)   Voluntary   Dismissal:   Effect Thereof
    (1) *By Plaintiff; by Stipulation.* Subject to the provisions of Rule 23(c) [class actions], of Rule 66 [Receivers], and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.
    (2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dis-

missed against defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.
    (b)   Involuntary   Dismissal:   Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits.

their privies and is res adjudicata of their rights because, by its terms, an involuntary dismissal under Rule 41(b), unless the court otherwise specifies, "operates as an adjudication on the merits." Moon v. Dulles, 237 F.2d 241 (9 Cir. 1956); Mooney v. Central Motor Lines, 222 F.2d 569 (6 Cir. 1955). See Restatement, Judgments §§ 48, 53 (1942); Annot., 149 A.L.R. 625 (1944). The same rule would seem to be applicable to a voluntary dismissal under Rule 41(a) (2) where the court imposes a condition that the dismissal be "with prejudice on the merits."

As contrasted with an involuntary dismissal which, unless the court otherwise specifies, "operates as an adjudication on the merits," a voluntary dismissal under Rule 41(a) (2) on condition that it be "with prejudice" does not necessarily constitute an adjudication on the merits. Rather, there is authority that in a subsequent action the court may look behind the words "with prejudice" to determine if the dismissal was meant to be conclusive. Thus, in Pueblo De Taos v. Archuleta, 64 F.2d 807 (10 Cir. 1933), an action for ejectment was dismissed with prejudice for want of prosecution. Another action was instituted, coupled with a motion to strike the words "with prejudice." The motion was denied, yet it was held that the subsequent action was not barred by the previous dismissal. In this regard the Court said at 812:

> "An inspection of the order of dismissal, pleaded in bar, discloses that the action was dismissed for want of prosecution. That being true, nothing was determined as to the right of the parties to the litigation, and the dismissal is not a bar to a subsequent suit. The addition of the words 'with prejudice' cannot change the facts. A dismissal with prejudice implies a decision on the merits, either after an adjudication of right or pursuant to an agreement of the parties. Mars v. McDougal (C.C.A. 10) 40 F.(2d) 247, certiorari denied 282 U.S. 850, 51 S.Ct. 28, 75 L.Ed. 753. There could be no such adjudication between the parties in this case, for the defendants, not being in court, could not be concluded by such adjudication. There is no contention that the dismissal was pursuant to a settlement of the case.

> "The court may and must inspect a judgment pleaded in bar, and if necessary explore the record, to ascertain what was determined by it. Swift v. McPherson, 232 U.S. 51, 34 S.Ct. 239, 58 L.Ed. 499; Larkin Packer Co. v. Hinderliter Tool Co. (C.C.A.10) 60 F.(2d) 491, 495. That is the appropriate and conventional method used in the cases above cited in arriving at the conclusion that the prior order of dismissal did not bar a subsequent action. Such inspection is not a collateral attack on the judgment entered; it determines only that there was no such adjudication of right as will bar another action. A judgment is not attacked by ascertaining its scope."

While the precise holding of this case has been altered by the adoption of Rule 41 (b) which constitutes an involuntary dismissal "an adjudication upon the merits" (unless the court otherwise orders), the case is significant because it establishes that the words "with prejudice" are not conclusive and have significance only in the light of the circumstances under which the dismissal took place. State authorities to the same effect, and a split of state authorities of the effect of a dismissal purportedly on the merits are considered in Annot., 54 A.L.R.2d 473, 497–499.

This Court is particularly conversant with its own intent in granting the dismissal in the case at bar. Dismissal was granted immediately prior to submission of the case to the jury. There was no adjudication on the merits other than that legally resulting from the order of dismissal. The Court was aware that plaintiffs' probable original purpose to

separate the defendant Harrison from the trial until his testimony was given having been frustrated, plaintiffs still wanted, for its psychological value, to remove from the issues to be submitted to the jury the question of the liability of a young, cleancut, ingratiating and otherwise capable appearing bus driver who on the witness stand appeared genuinely to have broken down under sharp and relentless cross examination about his culpability in causing the death of plaintiffs' decedent. This was a matter of trial tactics often present in the trial of a civil case by jury. It would not serve as a basis upon which plaintiffs should be deprived of whatever cause of action they possessed, and it most assuredly was not the intention of the Court to trap plaintiffs into forfeiting their cause of action by the trial strategy their counsel concluded to employ. The only objective of the Court was to make certain that defendant Harrison, who had been subjected to two abortive trials on the complaint filed against him, would not be exposed again to potential personal liability by the filing of a new suit, even though as to it he would have available the defense of a plea of limitations.

 Viewed in this light, and on the authority of the Pueblo De Taos case, supra, the words "with prejudice" as to defendant Harrison are not res adjudicata of plaintiffs' rights, if any, as to defendant Baltimore Transit Company. The only question thus remaining is the use of the words "on the merits" in the formal judgment. An examination of the trial transcript and the colloquy between the Court and counsel at the time dismissal was granted discloses that no mention was made of "on the merits." The statement of the Court's intention and purpose in the dismissal of defendant Harrison discloses that the legal effect of these words was neither contemplated nor desired. Thus, Rule 60, which permits the correction of clerical mistakes in judgments as well as permits a court to relieve a party from a final judg-

ment, *inter alia*, for any "reason justifying relief from the operation of the judgment" may properly be invoked. Plaintiffs' motion will be treated as a motion to strike the phrase "on the merits" from the formal judgment, and granted.

It is, therefore, this 29th day of September, 1965, by the United States District Court for the District of Maryland,

Ordered, the motion of defendant Baltimore Transit Company for entry of a judgment for defendant be, and it is hereby, denied; and the motion of plaintiffs to amend the judgment for defendant Harrison entered on March 18, 1965 by deleting the words "on the merits" be, and it is hereby, granted.