CITIBANK, N.A., Plaintiff,

v.

DATA LEASE FINANCIAL CORP., Defendant.

No. 78–5747–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Dec. 2, 1988.

John H. Schulte, Paul McMahon, Tew, Jorden, Schulte & Beasley, Miami, Fla., for plaintiff.

Bruce W. Greer, R. Lawrence Bonner, Laura Besvinick, Greer, Homer, Cope & Bonner, Miami, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

NESBITT, District Judge.

This cause is before the court for jury trial and on pending motions after remand from the United States Court of Appeals for the Eleventh Circuit. *See Citibank, N.A. v. Data Lease Financial Corp.*, 828 F.2d 686 (11th Cir.1987). The court specially set this case for jury trial commencing November 28, 1988. Although the court selected a jury as scheduled and expected to proceed to trial, for the reasons stated below and by stipulation of the parties, the motion to dismiss is dispositive of all issues triable to a jury.

Because the case has been pending for ten years, a detailed recitation of the factual and procedural history of the litigation would be quite lengthy; therefore, the court will outline only the facts relevant to the resolution of the pending motions.[1] Beginning in 1973, Plaintiff Citibank made loans to Defendant Data Lease Financial Corporation ("Data Lease") in excess of seven million dollars. As collateral for these loans, Data Lease pledged 870,000 shares of stock of Miami National Bank ("MNB"). After Data Lease defaulted on the loans in 1974, the parties attempted to restructure Data Lease's indebtedness, as evidenced by a Memorandum of Understanding entered into by the parties in April 1975.[2] As contemplated by the restructuring arrangement, Citibank placed several individuals on the board of directors of MNB and eventually selected the entire board ("the directors") by voting the pledged shares.

In December 1978, Citibank filed this foreclosure action on the loans that had been in default since 1974. A predecessor judge of this court ordered an emergency judicial sale in February 1979 of the MNB stock pledged as collateral.[3] Following the sale, Data Lease answered the complaint and asserted twelve affirmative defenses to the foreclosure. Data Lease also filed an eight-count counterclaim against Citibank, in which it named the directors as third-party defendants. In 1986 this court entered a series of orders that resolved all of the claims in favor of Citibank. After the Court of Appeals reversed and remanded for trial, this court established a detailed pretrial schedule by order dated April 22, 1988. That order set a cut-off date for dispositive motions of October 7, 1988; scheduled a pretrial conference for November 7th; and specially set the case for trial commencing November 28th.

On August 12, 1988 counsel for Data Lease and for the third-party defendants entered into a Settlement Agreement and Mutual Covenant Not to Sue, and executed a stipulation "Dismissing All Claims by Data Lease Against the Directors With Prejudice." The parties submitted a proposed order reciting the stipulation and on September 8, 1988 the court approved the stipulation and dismissed the third-party claims with prejudice. On September 26th,

---

1. For a discussion of the facts of this protracted litigation see *Citibank, N.A. v. Data Lease Fin. Corp.*, 828 F.2d 686 (11th Cir.1987) and *Citibank, N.A. v. Data Lease Fin. Corp.*, 645 F.2d 333 (5th Cir.1981).

2. The actual Agreement and Amendment that the Memorandum of Understanding anticipated was never executed by both parties.

3. The order confirming the emergency sale and purchase by Citibank of the collateral for $3 million was affirmed by the former Fifth Circuit in *Citibank, N.A. v. Data Lease Fin. Corp.*, 645 F.2d 333 (5th Cir.1981).

the law firm of Greer, Homer, Cope & Bonner filed its Notice of Appearance on behalf of Data Lease through Bruce W. Greer; by order dated November 15th, the Court granted a motion to withdraw filed by Robert M. Sondak of the firm of Paul, Landy, Beiley & Harper, who had represented Data Lease in this case since August 14, 1980.

Eleven weeks after the court approved the stipulation for dismissal of the third party defendants with prejudice, and four days before jury selection was set to begin, Citibank filed a Motion to Dismiss Data Lease's Counterclaims and Strike Data Lease's Affirmative Defenses. The basis of the motion is that the dismissal of the third-party defendants with prejudice constitutes an adjudication on the merits that precludes Data Lease from proceeding against Citibank.[4] Although the motion was untimely by six weeks, the court directed Data Lease to respond to the motion by November 28th, the day jury selection was set to begin, because of the obvious importance of the issue. Data Lease filed a memorandum in opposition to the motion, and also filed a Motion for Evidentiary Hearing and to Vacate or Amend Stipulation and Order Dismissing All Claims by Data Lease Against the Directors With Prejudice. Data Lease contends that the court is required to hold an evidentiary hearing to ascertain the intent of the parties in stipulating to the dismissal of the third-party defendants with prejudice, and that the court should vacate the order of dismissal because it was the product of a mistake by Data Lease's former counsel.

At the first hearing on the motion,[5] counsel for Data Lease stated that former counsel must have made a mistake in dismissing

the third-party claims with prejudice because the stipulation is internally inconsistent in attempting to retain the right to proceed against Citibank. Counsel argued that assuming the attorneys who executed the stipulation of dismissal with prejudice knew that a dismissal with prejudice is an adjudication on the merits, Data Lease would not have agreed to dismiss only the directors and at the same time prejudice its claim and defenses against Citibank. Tr. at 13–14. Counsel acknowledged, "It is inadvertance in my view. It is a mistake. Perhaps it's neglect. I hope it comes under one of those phrases in Rule 60...." Tr. at 13. Counsel also stated several times that Data Lease had "no viable claims" against Citibank independent of the claims against the directors.

Even though Data Lease had presented oral arguments on the motions in the morning and afternoon of November 28th, and had asked for neither a continuance of the trial nor a recess, the court was reluctant to rule on the motions without giving counsel sufficient time to research the issues. Although both parties attempted to dissuade the court from beginning jury selection, the court selected a jury in the late afternoon, with the intention of proceeding to trial if there were any issues to be tried by a jury after resolution of the motion to dismiss. The court also scheduled additional oral argument on November 29th, at which time counsel for Data Lease merely reiterated his arguments from the previous day without citing any additional authority or presenting new analysis to support his position. Simply stated, Data Lease's position is that a consent dismissal with prejudice acts as an adjudication on the merits,

---

**4.** At the pretrial conference, counsel for Data Lease stated that the primary issue for trial in this case after the remand was the existence of an agency relationship between Citibank and the directors. Tr. at 26, 30. Citibank contends that because the directors have been dismissed with prejudice, the dispositive question of agency is moot as a matter of law. At oral argument on the motion, counsel for Data Lease conceded that under state law, "a dismissal of Citibank agents is a dismissal for Citibank." Tr. at 14. Data Lease urges instead that the dispositive question presented is the preclusive effect of a

voluntary dismissal with prejudice under Fed.R. Civ.P. 41(a), a question of federal law. The court finds that the issue encompasses both state substantive law and federal procedure, but because Data Lease has conceded the state law issue, this opinion discusses only the federal procedural question.

**5.** The court requested oral argument on three separate occasions, and also discussed the matter sidebar at counsel's request during breaks in the proceedings.

except where a mistake by counsel undermines the intent of the parties who entered into a stipulation of dismissal. In such an instance, Data Lease contends, the court is required to hold an evidentiary hearing to determine whether the parties intended the dismissal with prejudice to be an adjudication on the merits.

In support of this proposition, Data Lease relies solely on *Maryland v. Baltimore Transit Co.*, 38 F.R.D. 340 (D.Md. 1965), in which the court noted that the words "with prejudice" have significance only in light of the circumstances under which the dismissal took place. *Id.* at 343. The *Baltimore Transit* case does not purport to state a general rule of law, and can be distinguished on several grounds. Most important, the case on which the court relied specifically distinguishes dismissals with prejudice pursuant to a settlement of the case. Furthermore, the court had dismissed one defendant at the request of the plaintiffs, but had *sua sponte* added the words "on the merits" to the formal judgment. The court noted that it was the *court's* intention to preclude a new claim against the defendant, not the express intention of the parties. In this case, Data Lease settled with the third-party defendants, and entered into a stipulation dismissing its claims with prejudice. No intervention in the settlement process by the court was sought, nor would it have been appropriate. *See United States v. City of Miami*, 614 F.2d 1322, 1330 (5th Cir.1980), *modified on other grounds*, 664 F.2d 435 (5th Cir.1981).

An evidentiary hearing is unnecessary in this case to ascertain the intent of the parties to the stipulation of dismissal. The settlement agreement and mutual covenant not to sue, the stipulation, and the order of dismissal contain at least eleven references to the fact that the dismissal is only of the third-party defendants and not of Citibank. The Stipulation of Dismissal With Prejudice (so captioned by the parties) and the order of dismissal both state that "all claims by Data Lease solely against the Directors (but not Citibank)" are dismissed with prejudice. By way of example, one of many

similar paragraphs of the settlement agreement provides:

this Agreement is not intended nor shall it be construed to extend to or to inure to the benefit of Citibank not shall it impair or diminish the right or ability of Data Lease to defend against the Citibank claims or to take or assert as against Citibank or any of its insurers any actions or claims prohibited by this paragraph No. 2 to be taken or asserted against the Outside Directors, nor shall it impair or diminish the right of or ability of Data Lease to maintain any defenses to Citibank's claims or any counterclaims against Citibank in the Lawsuit.

The intent of the parties is clear: Data Lease intended to dismiss the claims against the third-party defendants while reserving its right to proceed against Citibank. Counsel for Data Lease failed to proffer any testimony that would be produced at an evidentiary hearing that would compel a contrary conclusion.

What Data Lease did not intend when it entered into the stipulation of dismissal was the legal consequence of dismissing its claims against the directors with prejudice. Counsel for Data Lease admits that adding "with prejudice" was a mistake made by former counsel, and that it was simply boilerplate language. The phrase "with prejudice" is a term of art that every attorney should consider with caution. The court finds it difficult to conceive that experienced counsel would consider "with prejudice" language to be included routinely in stipulations, but accepts his representation as true. The question then becomes whether this court has the authority to vacate or amend the stipulation and order of dismissal with prejudice based on counsel's mistake.

Data Lease asserts that the court may amend the stipulation and order of dismissal with prejudice under either Fed.R.Civ.P. 54(b) or 60(b). Data Lease urges the court to exercise its discretion to amend any order other than a final judgment at any time under Rule 54(b) because the rule sets forth no standards, unlike Rule 60. Under Rule 60(b)(1), the court may vacate a final

order that was entered as a result of "mistake, inadvertance, surprise, or excusable neglect." The court agrees that the order of dismissal is not a final judgment for purposes of Rule 60 because it does not adjudicate all the claims of all of the parties. *See Mullins v. Nickel Plate Mining Co., Inc.*, 691 F.2d 971 (11th Cir.1982) (court cannot amend partial final judgment under Rule 60(b)). Even if Rule 60 permitted the court to amend the stipulation and order of dismissal, the mistake here is not of the type contemplated by the rule. As the United States Court of Appeals for the Second Circuit has noted, "an attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from judgment." *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir.1986).

The court also rejects the suggestion that Rule 54(b) permits amendment of the stipulation and order of dismissal. As the plain language of the rule and the advisory committee notes indicate, the purpose of the rule is to allow piecemeal appeals upon certain express determinations by the trial court. The fact that the rule states that orders other than final judgments may be revised at any time does not answer the question of whether this particular stipulation and order of dismissal may be revised. Data Lease does not seek amendment of an order of court; it asks the court to vacate a stipulation of dismissal with prejudice entered into by Data Lease and the directors. No rule of civil procedure permits such a result. In "ordinary litigation," the court plays no role in approving any settlement proposals. *United States v. City of Miami*, 614 F.2d 1322, 1330 (5th Cir.1980); *see also Donovan v. Robbins*, 752 F.2d 1170, 1182 (7th Cir.1985); *Gardiner v. A.H. Robins Co., Inc.*, 747 F.2d 1180, 1189 (8th Cir.1984). This court is not empowered to vacate or amend the stipulation entered into by the parties; even if the court vacated the order of dismissal attached to the stipulation, the stipulation itself would remain in force, as would the settlement agreement.

Former counsel had vigorously represented Data Lease in its litigation with Citibank for eight years, was fully familiar with the facts and relationships among the the parties, and had succeeded in obtaining a reversal of this court's orders granting summary judgment in favor of Citibank.[6] Data Lease did not move to amend or vacate the stipulation and order of dismissal until almost three months after the order had been entered. The court notes that counsel for Data Lease was served with a copy of Citibank's stipulation dismissing its crossclaims against the directors dated October 18, 1988, and that that stipulation is identical in form to Data Lease's stipulation except that it does not contain the words "with prejudice." The difference in the two stipulations should have alerted Data Lease to a potential problem. Lastly, even after ample opportunity for oral argument, counsel for Data Lease never once suggested that both parties to the stipulation desired it amended. No testimony was proffered, nor were affidavits presented to indicate that the directors would (or that Data Lease could), even acquiesce in amending or withdrawing from the stipulation.

Because Data Lease has unequivocally stated after repeated inquiry from the court that it has no viable claims against Citibank remaining (including the claim that Citibank fraudulently induced Data Lease to enter into the restructuring arrangement, and UCC claims in which the directors are not even named), in view of the facts of this case and the applicable law, the court has no alternative but to grant Citibank's motion to dismiss.

Data Lease's motion for an evidentiary hearing and to vacate the stipulation and order of dismissal must be denied for the reasons stated above. The parties have agreed that the issue of Citibank's deficiency judgment on the foreclosure may be submitted to the court by way of affidavits,

6. The court notes that former counsel had been involved in this case longer than this trial judge has been. As has been noted in a prior order, this case has been assigned to five different judges in the Southern District of Florida.

and have been directed to do so within ten (10) days of the date of entry of this Order.

DONE and ORDERED.